IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 29, 2018 Session

**KONAH EVANGELINE BUCKMAN, MOTHER AND NEXT OF KIN OF EDWARD KOFI SASA LENOX BUCKMAN A/K/A EDWARD WELSELY, DECEASED v. MOUNTAIN STATES HEALTH ALLIANCE, ET AL.**

**Appeal from the Circuit Court for Washington County**
**No. 36257     James E. Lauderback, Judge**

_____

**No. E2017-01766-COA-R3-CV**
_____

D. MICHAEL SWINEY, C.J., separate concurring.

I concur, reluctantly, with the entirety of the opinion of the Court. I concur because this is the result mandated by statute and case law. I do so reluctantly because this case is the latest in a long line of healthcare liability actions dismissed on technical grounds since the enactment of the sections of the Health Care Liability Act governing pre-suit notice adopted by our General Assembly in 2008. This Court has seen healthcare liability case after case brought by Tennessee citizens dismissed without any determination of whether the case has any merit.

These results require, I believe, for us to accept that one of two things is true. The first of these options is that our General Assembly intended in enacting these healthcare liability statutes for some Tennessee citizens to have their healthcare liability actions resolved not on the merits but instead by means of technical traps. The second option is that the dismissal of numerous Tennessee citizens' healthcare liability actions for technical reasons without any decision ever being made as to the possible merits of the case is an unintended consequence of these statutes. I do not believe that our General Assembly intended by creating various technical traps resulting in dismissal to deprive some of its Tennessee citizens from the opportunity of having a healthcare liability action determined on the merits. I instead believe that this continuing flow of cases dismissed for technical reasons having nothing to do with the merits of the healthcare liability action is an unintended consequence.

As Oliver Wendell Holmes, Jr. stated, "The life of the law has not been logic; it has been experience." Our experience in this regard has been that numerous Tennessee

citizens' healthcare liability actions are being dismissed for reasons having nothing to do with the merits of the action. While logic tells us that perhaps every lawyer for a Tennessee citizen should be able to follow the statutes to avoid these traps, experience has shown otherwise. Instead, Tennessee courts often find themselves in situations requiring a dismissal of the action not on the merits. An example of such a dismissal is the current case where the plaintiff's case must be dismissed under the statutes and the case law because the HIPAA authorization[1] had one possible interpretation, among others, that it expired before it ever was signed, something I submit most of our Tennessee citizens would find to be, simply put, a silly idea. This, however, is the result required by the current statutes and existing case law.

As the courts are limited as to what they properly can do to eliminate these unintended consequences, I respectfully suggest to our General Assembly that these unintended consequences can be eliminated by simple amendments to the statute. One possible example would be something along the lines of requiring the defense counsel, if he or she has any concerns with the HIPAA authorization, to notify the plaintiff's counsel of these concerns and give plaintiff's counsel seven days to provide a HIPAA compliant authorization satisfying those concerns or have to live with the consequences of the original HIPAA authorization's deficiencies. This would satisfy the goal of getting a proper medical authorization to the defendants so as to allow them to gather and review the plaintiff's medical records promptly.

This added "burden" on defense counsel is minimal at most. The argument that even this minimal "burden" should not be placed on the defendant because it is the plaintiff's burden to provide a proper medical authorization or have the case dismissed makes sense only if the lawsuit is viewed as a game of "gotcha" to be played by the lawyers.[2] It is not a game either to the plaintiffs or to the defendants.

If we want to resolve Tennessee citizens' healthcare liability actions on the merits and not on technicalities, as we do other types of suits, these statutes need to be amended to eliminate these unintended consequences. If, however, we are content to have some Tennessee citizens' healthcare liability actions dismissed without any determination as to the possible merits of the suit, no amendment is required.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

---

[1] These cases are rendered more technically complex due to the necessary interaction between our Tennessee health care liability statutes and the federal regulations governing HIPAA.

[2] I do not fault defense counsel in any way for raising these technical defenses. They are doing their job under existing law.